### TOLEDO v. ELIZABETH WEBER.

CONCLUSIVENESS OF AWARD IN APPROPRIATION PROCEEDINGS.

Where a city in its petition in proceedings to open a street designates a person in possession of a certain property as the owner thereof, and the jury award certain damages therefor to such person, together with proof that such person purchased that property prior to the date of dedication of the street in question, the city is precluded, after the lapse of several years, to deny title in the person 'in whose favor such judgment was rendered, and the claim that the grantor thereof by signing the articles of dedication bound the person in whose favor judgment was rendered or person claiming title under him, comes too late, especially where it appears that the person signing such articles did so generally and without naming any specific portion thereof.

HEARD ON ERROR.

M. R. Brailey and John P. Manton, for plaintiff in error.

T. L. Gifford, for defendant in error.

## HAYNES, J.

Petition in error is brought here to reverse the judgment of the court of common pleas in an action brought by Elizabeth Weber in the court of common pleas against the city of Toledo. The case has been

here once before and the principal questions have been decided so far as this court is concerned and the report of the case will be found in Webber v. Toledo, 13–23 O. C. C. 237.

The controversy arises out of certain awards made by a jury in the probate court of this county for the opening of Niagara street in the city of Toledo and was in regard to a portion of lot 223 Stickney's addition, as well as lot 224 in the same addition. The matter, so far as pertained to lot 224, was decided before. The judgment of the court below was substantially in accordance with the views of this court. The principal controversy here arises in regard to some matters which were set up in a subsequent pleading and certain questions which arise in regard to the northerly thirty feet of the northeasterly one-half of lot 223, and the subject of controversy amounts to $87.00 in money, being the amount said to have been awarded by the jury to the owner of the property.

The record discloses that there was in regard to that street a dedication made by certain of the property owners under date of June 29, 1870; but it appears that there were nine parcels of land abutting on this street whose owners did not sign, and subsequently, on September 16, 1875, the city filed in the probate court of this county, a petition to appropriate the property abutting on this street. The record discloses that the appropriation was for those parcels of property said to be owned by those persons who had not signed the dedication or plat—so far as those who dedicated on the plat was concerned, the city rested upon that and apparently accepted the plat—at any rate, they did not appropriate the property.

In 1890, perhaps, the city took possession of the property and opened the street and the right of the parties in regard to the question as of that date is discussed and is already decided and will not be repeated here. The controversy now is about this $87.00 and about the thirty feet of the northeasterly half of lot 223, and we find this state of facts disclosed, and we think established by the plat. Mr. V. H. Ketcham owned the property and had owned it perhaps for some years prior to 1870. Prior to that time, however, a man by the name of W. G. Forbes claimed to own the thirty feet by purchase from Ketcham. He built a house upon the property and lived in it with his wife. Subsequently his wife died, and after her death he rented it, and subsequently sold it to Mr. Weber, the husband of the plaintiff, who went into possession of the property. It appeared that at the time Mr. Weber purchased from Forbes there was some balance still due to Mr. Ketcham and Mr. Weber made payment or payments and received the title, not from Forbes but direct from Mr. Ketcham, the deed having been dated in 1878.

The court charged in regard to the matter and directed the jury that the dedication of the plat signed by Ketcham was binding upon the plaintiff and she could not recover for the $87.00; and in that we think the court erred. Now, as I have said, Mr. Forbes was in possession of the property, claiming to be the owner, and we believe that was *prima facie* evidence that he was the owner. He continued in that possession and seems to have been in possession at the time proceedings were filed in 1875. The city of Toledo in filing a petition reciting the necessity of opening the street, etc., says: "The following described parcels of real estate are *owned* by the parties hereinafter named." In the third paragraph it says: "The northerly thirty feet of the N. E. one-half of lot 223 Stickney's addition, which lies within the proposed line of Niagara street and *owned* by W. G. Forbes."

The statute under which they proceeded requires them to give notice to the owners; and Sec. 2245, Rev. Stat., provides:

"The assessment shall be in writing, signed by the jury, and shall be so made that the amount payable to each owner may be ascertained either by allotting it to each owner by name, or on each lot or parcel of land."

When the jury came to make their assessment they assessed to W. G. Forbes $87.50. It was said that Mr. Ketcham was a party to this suit; and that was true, but he was not named as the owner of this portion of lot No. 223, but Forbes was named as the owner; and Ketcham was named as to another portion of the lot which was alleged to be owned by V. H. Ketcham and Jerome Wellman, and that is the only place in which Mr. Ketcham is named, and when it came to that particular portion they awarded to Ketcham and Wellman $87.50, and the city ascertained then that the ownership was in Forbes.

Forbes, as the testimony showed, purchased this property prior to the date of the dedication and was in possession prior to that time and did not sign the articles of dedication. Mr. Ketcham, when he signed, signed generally, without naming any specific portion of the property, but simply signed his name.

We think the city is bound by this record in regard to the $87.50. It ascertained that Forbes was the owner and caused an award to be made to Forbes as the owner, and to no other person, and we think it is too late for the city to come in now and say that Mr. Ketcham was the party who owned the property and that he is entitled to the money and that the judgment of appropriation should be in his favor or that the articles of dedication would bind Mr. Weber. We think there can be no question under the law as we have stated it heretofore, that Mr. Weber, when he purchased this property and took this deed, took the

Toledo v. Weber.

whole title to the property and succeeded to the right of Forbes in the property and that he is entitled to this $87.50.

It is said in the petition that the city had not made any payments, but the city nowhere claims to have made any payment to Forbes or to anybody else, for that property; it seems to have just cut the matter, so far as payments are concerned, when it came to open the street and claimed the whole property. In that view of the case we think the court erred in holding that these plaintiffs were not entitled to this money. The case has been tried and we think we have all the evidence before us. With the evidence as it stands, we will reverse so much of the judgment as finds in favor of the city in regard to the $87.50 and render such judgment as the court of common pleas should have rendered and give judgment for Mrs. Weber for that sum of money. The details can be drawn out in the journal entry. The interest may be computed the same as in the other case and it may be so far modified as to include it all in one judgment.